**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4221**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TIMOTHY JONES, a/k/a Digity, a/k/a Digity
Chemist, a/k/a Dog,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:04-cr-00324-D)

———————

Submitted:  March 30, 2007          Decided:  April 19, 2007

———————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

H. Gerald Beaver, BEAVER, HOLT, STERNLICHT & COURIE, P.A.,
Fayetteville, North Carolina, for Appellant.  Frank DeArmon
Whitney, United States Attorney, Anne Margaret Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Jones was convicted of conspiracy to distribute cocaine and cocaine base and was sentenced to life in prison. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Jones has also filed a pro se supplemental brief. We affirm.

Jones first attacks the sufficiency of the evidence. In reviewing a claim of insufficient evidence, we consider whether there is substantial evidence, viewed in the light most favorable to the Government, to support the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We do not review the credibility of witnesses, and we assume the jury resolved all evidentiary contradictions in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Our review of the trial transcript convinces us that there was sufficient evidence to support both convictions.

Jones also claims that his sentence violates the Sixth Amendment. After United States v. Booker, 543 U.S. 220 (2005), a sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). "[A] sentence imposed within the properly calculated Guideline range . . . is presumptively reasonable." United

States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (internal quotations marks omitted).

Here, the life sentence is statutorily authorized. See 21 U.S.C. § 841(b)(1)(A) (2000). Moreover, the advisory guideline range was correctly calculated. With regard to the guideline calculation, it is abundantly clear that Jones was the leader or organizer of an organization involving five or more people. Therefore, the four-level enhancement of his offense level for his role in the offense was proper. See U.S. Sentencing Guidelines Manual § 3B1.1(a) (2005).

The district court imposed a sentence that was both within the statutory range and the properly calculated advisory guideline range. Additionally, the court considered the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) in imposing sentence. We conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[*] Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

---

[*]In his informal brief, Jones complains about his convictions on firearm charges, contending that there was no evidence that the gun in question traveled in interstate commerce. We note that Jones was neither indicted for nor convicted of a firearm offense.

- 3 -

would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED